# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 2: 08-cr-365 |
| v. | ) | 2: 09-cr-56 |
| | ) | 2: 10-cr-91 |
| ROBERT KORBE | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Now pending before the Court is the MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (Document No. 1867 at Crim. Case No. 08-365) filed pro se by Defendant Robert Korbe. The government filed a response in opposition to the motion; Korbe filed a reply; and the motion is ripe for disposition.

Factual and Procedural Background

On May 28, 2010, Defendant Robert Korbe appeared before the Court with counsel and entered a plea of guilty to criminal charges in three separate cases, as follows: (1) he pled guilty to count 1 of the 27-count superseding indictment at Criminal No. 08-365, which charged him with conspiracy to distribute and possess with the intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, and 50 grams or more of cocaine base, in the form commonly known as crack cocaine, a Schedule II controlled substance, from in and around October 2007 to in or around September 2008, in violation of 21 U.S.C. § 846; (2) he pled guilty to count 1 of the 2-count indictment at Criminal No. 09-56, which charged him with mail fraud on or about October 9, 2008, in violation of title 18 U.S.C. § 1341; and (3) he waived indictment by a grand jury and pled guilty to both counts of a 2-count criminal information at Criminal No. 10-91, which charged him at count 1 with the crime of unlawful possession, as a convicted felon, of four

firearms (a .38 caliber, silver Taurus ultra-lite revolver; a Smith & Wesson revolver, model detective special, .38 special caliber; a Remington shotgun, model 870, 12 gauge; and a Marlin rifle, model 60, .22 caliber), and 322 rounds of live ammunition on November 19, 2008, in violation of 18 U.S.C. § 922(g)(1) and 924(e), and at count 2, with possession with intent to distribute 360.5 grams of cocaine and 161.6 grams of crack cocaine, Schedule II controlled substances, on November 19, 2008, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(a)(iii), and (b)(1)(c). The parties stipulated to the types and quantities of controlled substances attributable to Korbe (both powder cocaine and crack cocaine) in ¶ C(6) of the plea agreement, to wit: more than five (5) but less than fifteen (15) kilograms of cocaine and 161.6 grams of crack cocaine. Korbe admitted his guilt to charges involving both powder and crack cocaine during the plea colloquy.

A Presentence Investigation Report ("PSI") was prepared by the Probation Office on August 18, 2010, with an Addendum on September 10, 2010. On September 3, 2010, Korbe filed objections to the PSI, including inter alia, the calculation of his Criminal History Category. The Court rejected Korbe's contention and explained that although the total points from prior convictions would have placed him in Criminal History Category III, Korbe was correctly placed in Criminal History Category VI due to application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because he had at least three previous serious drug convictions.

The PSI calculated Korbe's base offense level of 32 by grouping the powder and crack cocaine. However, Korbe's base offense level would have been 32 based solely on the quantity of powder cocaine. *See* USSG § 2D1.1(a)(4). The PSI then applied a 2-level enhancement because Korbe possessed a dangerous weapon, for an adjusted offense level of 34. Korbe would have been at offense level 34 in any event due to the ACCA. *See* USSG § 4B1.4. After reducing the

adjusted offense level due to his acceptance of responsibility, the advisory guideline range based on a total offense level of 31 with a Criminal History Category of VI would have been 188-235 months.

However, as explained in the PSI and the Court's Tentative Findings and Rulings, Korbe was subject to a statutory mandatory minimum sentence of 240 months of imprisonment. Pursuant to 21 U.S.C. § 841(b)(1)(A)(ii), a person convicted of a crime involving five (5) kilograms or more of powder cocaine "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." The 10-year mandatory minimum sentence was doubled to 20 years (or 240 months) because the government filed a notice of prior conviction pursuant to 21 U.S.C. § 851 ("§ 851 Notice"). Although Korbe had four (4) qualifying prior convictions, which could have resulted in a mandatory term of life imprisonment, the government filed only one (1) § 851 Notice. Thus, the statutory mandatory minimum sentence exceeded the advisory guideline range calculated for the offenses of conviction in the PSI..

At the sentencing proceeding, Korbe sought a downward variance. The government sought an upward variance. On September 24, 2010, after a lengthy hearing, the Court sentenced Korbe to a term of imprisonment of 300 months at Crim. No. 08-365 and both counts of Crim. No. 10-91, and 30 months at Crim. No. 9-56, with all such terms to run concurrently. Korbe filed a direct appeal. On December 16, 2011 the United States Court of Appeals for the Third Circuit affirmed the judgment and sentence imposed by this Court.

Legal Analysis

Korbe seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which states:

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Korbe contends that he is entitled to a sentence reduction based on the Fair Sentencing Act of 2010 ("FSA"), which increased the quantity of crack cocaine required to trigger a mandatory minimum sentence from 50 grams to 280 grams. Korbe contends that under the new version of the statute, he cannot be subjected to the 20-year mandatory minimum sentence.

The government concedes that the FSA is applicable to Korbe's crack cocaine conviction(s). However, the government argues that the FSA has no effect on Korbe's actual sentence because a statutory mandatory minimum sentence was independently triggered by his powder cocaine conviction. Thus, the government reasons that Korbe's advisory guideline range was not affected by the FSA and opposes any reduction in his sentence.

In *Dillon v. United States*, 130 S. Ct. 2683 (2010), the United States Supreme Court established a multi-step inquiry to resolve a motion for sentence reduction, such as that filed by Korbe. A court must first determine that a defendant's sentence was based on a range that has subsequently been lowered; and that a reduction is consistent with the policy statements in USSG § 1B1.10. If so, the Court may then consider whether the authorized reduction is warranted, either in whole or in part, based on the factors set forth in § 3553(a). The ultimate decision to reduce a sentence remains within the discretion of the district court. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009). Korbe's motion fails at each prong of the analysis.

4

Korbe's sentence was not based on a guideline range that has subsequently been lowered and a reduction would not be authorized by USSG § 1B1.10. The Application Notes state:

> [A] reduction in the defendant's term of imprisonment is **not** authorized under 18 U.S.C. § 3582(c)(2) and is **not** consistent with this policy statement if ... an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision ( **e.g., a statutory mandatory minimum term of imprisonment**).

U.S.S.G. § 1B1.10 cmt. 1(A) (emphasis added). The FSA reduction for crack cocaine offenses did not affect Korbe's advisory guideline range, because he separately and independently faced a 240-month statutory mandatory minimum sentence on his powder cocaine conviction. This statutory mandatory minimum sentence, along with the § 851 Notice, completely superseded the advisory guideline calculation. *See United States v. Doe*, 564 F.3d 305, 312 (3d Cir. 2009) (although initial Guideline ranges were lowered by FSA, those initial ranges were subsumed by statutory mandatory minimum such that FSA did not have the effect of lowering Defendant's applicable Guideline range because the statutory mandatory minimum was not affected). In sum, Korbe's sentence was not based on a range that has subsequently been lowered and a reduction would not be consistent with policy guidance.

In any event, the Court's actual sentence of Korbe was based on a thorough and comprehensive analysis of the § 3553(a) factors. The Court explained, in detail, the reasons for its sentence at the time and it adheres to that analysis. Even if the advisory guideline range had subsequently been reduced, the Court would not exercise its discretion to reduce Korbe's sentence.

In his reply brief, Korbe appears to argue: (1) that the Court's upward variance was improper; and (2) that he should not have been classified as an Armed Career Criminal because he did not commit three predicate offenses. This Court rejected Korbe's ACCA argument in its Tentative Findings and Rulings. The United States Court of Appeals for the Third Circuit rejected

Korbe's challenge to the upward variance in his direct appeal.  Moreover, these arguments are not an appropriate basis for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2).

In accordance with the foregoing,  the MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (Document No. 1867 at Crim. Case No. 08-365) will be **DENIED**.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 2: 08-cr-365 |
| v. | ) | 2: 09-cr-56 |
| | ) | 2: 10-cr-91 |
| ROBERT KORBE | ) | |

## ORDER OF COURT

AND NOW, this 3rd day of December, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (Document No. 1867 at Crim. Case No. 08-365) is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Troy Rivetti, AUSA

Robert R. Korbe
Reg. No. 30222-068
F.C.I. Williamsburg
P.O. Box 340
Salters, SC 29590
(By US Mail)

Tracy DeMartino
U.S. Probation Officer