IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | 2: 08-cr-365, 09-cr-56, 10-cr-91 |
| v. | ) | 2: 12-cv-1803 |
| | ) | |
| ROBERT RALPH KORBE | ) | |

## MEMORANDUM ORDER

On March 7, 2013, the Court received a pro se filing entitled "Robert Korbe's Affidavit and Motion in Opposition to the Government's Opposition to Defendant's Motion to Vacate, Set Aside and/or Correct Sentence Pursuant to Title 28 USC § 2255." In essence, this document is a reply. Korbe filed his original MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 1885 at Crim. No. 08-365) on December 10, 2012. The government filed its opposition to the motion on February 6, 2013. Not having received a reply, on March 4, 2013 the Court issued a lengthy Memorandum Opinion and Order which denied the § 2255 motion filed by Korbe.

Korbe's Affidavit and Motion in Opposition to the Government was signed and placed in the mail on February 28, 2013 (22 days after the government's opposition was filed.) Pursuant to the Practices and Procedures of this member of the Court, reply briefs are not encouraged but are permissible if filed within seven (7) days. Thus, Korbe's filing was untimely, even making allowance for the difficulties of prison mail. Nevertheless, the Court has read and reviewed the affidavit and motion filed by Korbe. While a "motion" is no longer pending, this Order is intended to clarify the record and to reassure Mr. Korbe that the Court has considered his arguments.

After review, the Court adheres to its decision, as set forth in the March 4, 2013

Memorandum Opinion and Order. In particular, the Court is not persuaded by Korbe's overall theory that he received ineffective assistance of counsel throughout the plea bargaining and sentencing process, such that he was unaware that he might receive a sentence of more than twenty (20) years imprisonment. Robert Korbe signed a written plea agreement on May 28, 2010; represented that he had read it and discussed it with his attorney; acknowledged that it fully set forth his agreement with the United States; and affirmed that there were no additional promises or representations made by agents or officials of the United States in connection with this matter. The plea agreement, page 6, clearly and explicitly provided that the penalty that may be imposed upon Korbe was a term of imprisonment of up to life. At the "change of plea" and sentencing hearings, these issues were reiterated in detail, thoroughly explored, and Korbe reaffirmed his knowledge, awareness and intention to plead guilty. *See* Hearing Transcripts (Document Nos. 1399, 1428). In sum, Korbe entered a knowing and voluntary plea of guilty despite his awareness that he could be sentenced to a term of up to life imprisonment.

AND NOW this 12th day of March, 2013, in accordance with the foregoing, the Court adheres to and reaffirms its Memorandum Opinion and Order of March 4, 2013.

BY THE COURT;

s/ Terrence F. McVerry
United States District Judge

cc: Jane Dattilo, AUSA

Robert Korbe
#30108-068
F.C.I. Williamsburg
P.O. Box 340
Salter, SC 29590
 (By First Class Mail)